JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC., a Delaware Corporation,<br><br>            Plaintiff,<br><br>      v.<br><br>ACTIVISION TV, INC., a Delaware Corporation; AD MEDIA DISPLAYS, INC., a Wyoming Corporation; DAVID GOTHARD, an individual,<br><br>            Defendants. | CASE NO. CV 12-8964-GW(JEMx)<br><br>Hon. George H. Wu<br><br>**ORDER GRANTING PERMANENT INJUNCTION AND DISMISSING WITH PREJUDICE** |

Mitchell Silberberg & Knupp LLP

[PROPOSED] ORDER GRANTING PERMANENT INJUNCTION AND DISMISSING WITH PREJUDICE

Plaintiff Activision Publishing, Inc. ("Activision") and Defendants Activision TV, Inc., Ad Media Displays, Inc., and David Gothard (collectively "ATV") having entered into a Stipulation for Entry of Permanent Injunction and Order Dismissing With Prejudice, pursuant to a settlement agreement executed September 27, 2013, (the "Agreement"), and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. ATV and all persons acting under ATV's direction or control (including but not limited to Defendant's agents, representatives and employees), are permanently enjoined and shall cease and desist from:

   A. Any use of the terms "ACTIVISION," "ACTIVISION.TV," "ACTIVISIONTV," "ACTIVISION TV," "ACTIVISION SYSTEM," "ACTIVISION TELEVISION", or any other confusingly mark containing the word "ACTIVISION" or a confusingly similar word or phrase (the "Prohibited Marks"), whether alone or as part of a composite mark, in connection with any product or service, including but not limited to any digital signage system, digital media display, digital television product, computer system or television, set-top box, or on-demand media system, or advertising service, whether for use in hotels, airlines, retail stores, or any other market;

   B. Any advertising or promoting of ATV or its products or services using any of the Prohibited Marks; and

  C. Any use of the corporate or business name "Activision TV, Inc." or any corporate or business name that contains the word ACTIVISION or any of the Prohibited Marks.

2. This Permanent Injunction shall be deemed to have been served upon ATV at the time of its execution and entry by the Court.

3. The Court finds there is no just reason for delay in entering this Permanent Injunction and, pursuant to Federal Rule of Civil Procedure 54(a), the Court directs immediate entry of this Permanent Injunction against ATV.

4. In recognition of the extent of the obligations imposed on ATV by this Permanent Injunction, and as called for by the terms of the Agreement, the Court directs that ATV shall have 120 days from the date of the full execution of the Agreement to comply with paragraph 1 of this Permanent Injunction.

5. All claims against ATV are dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a).

6. Each party shall bear its own costs and fees.

7. The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of (1) the Agreement,

and (2) this Judgment and Permanent Injunction.

IT IS SO ORDERED.

DATED: October 1, 2013    By: _____
  Hon. George H. Wu
  United States District Judge